# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL E. LOVE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 12-2623-CM-GLR |
| | ) |
| RICKY SUBER, et al., | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is a Motion for Appointment of Counsel (ECF No. 36) filed by Plaintiff. For the reasons set out below, the Court denies the motion.

**I.   Relevant Factual Background**

Plaintiff *pro se* commenced this action in September 2012 by filing a civil complaint and a motion to proceed *in forma pauperis*. The Court has granted Plaintiff permission to proceed with this action *in forma pauperis*. His complaint alleges that defendants have failed to provide a safe and peaceful living environment in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619. He also alleges that defendants have discriminated and harassed him due to his race and religion in violation of sections 804(b) and 818 of Title VIII of the Civil Rights Act of 1968, as amended by the FHA.

**II.   Motion for Appointment of Counsel**

In general, there is no constitutional right to appointment of counsel in a civil case.[1]   For

---

[1] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title

parties proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[2] This statute does not provide a statutory right to counsel.[3]

Under § 1915(e)(1), the Court has broad discretion to request counsel to provide representation.[4] When deciding whether to request an attorney to represent an indigent party under § 1915(e)(1), the courts evaluate the merits of the litigant's claims, "the nature and complexity of the factual and legal issues," and the litigant's ability to investigate the facts and present the claims.[5] The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the Court requesting an attorney to represent the movant.[6]

---

VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[2]While courts sometimes use the term "appoint" when referring to § 1915(e)(1), the more appropriate terminology is request. *See Mallard v. U.S. Dist. Ct. S. Dist. Iowa*, 490 U.S. 296, 300-09 (1989) (emphasizing that § 1915(d), the predecessor to § 1915(e)(1), does not provide for compulsory appointment of counsel). Before being renumbered and amended in 1996, § 1915(d) provided: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See id.* at 298. Even though "§ 1915(e) does not authorize the district court to require an unwilling attorney to represent an indigent defendant in a civil case, it does allow the court to make an appropriate request that legal assistance be provided." *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir. 2001) (citing *Mallard*).

[3]*See, e.g., Leo v. Garmin Int'l.*, No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010); *Patterson v. Davita Dialysis*, No. 09-2131-JAR-GLR, 2009 WL 902406, at *1 (D. Kan. Mar. 31, 2009).

[4]*Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009).

[5]*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[6]*Id.*

To warrant appointment of counsel, Plaintiff must affirmatively show that he asserts meritorious claims. But he makes no attempt to demonstrate the merits of his claims in his motion for appointment. Consequently, the Court is left to consider his complaint. His complaint standing alone, however, provides an insufficient basis to find that this action has sufficient merit to warrant appointment of counsel. He asserts that he has presented his claims through an administrative procedure, but fails to even reveal the result of that procedure. An attachment to the complaint dated August 22, 2012, shows that his administrative complaint was received. It does not indicate when or if the administrative process was completed. In light of the information before it, the Court does not find that Plaintiff has carried his burden to show that his claims are of such merit as to warrant a request for an attorney to represent Plaintiff.[7]

Nothing before the Court, moreover, suggests that Plaintiff needs an attorney to adequately present his case. The factual and legal issues in this case are not complex. Plaintiff has not shown any reason why he cannot adequately research and investigate the case on his own. His pleadings and written submissions reflect some understanding of court rules and procedures, and he has access to local law libraries. At this stage of the proceedings, it is unclear whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination or whether the appointment of counsel will shorten trial or assist in a just determination.

For the foregoing reasons, the Court denies the Motion for Appointment of Counsel (ECF No. 36) filed by Plaintiff without prejudice to his filing a similar motion, if he survives summary dismissal. If the case proceeds to trial, furthermore, the Court may on its own motion reconsider

---

[7]This is not to say that the claims are obviously frivolous or legally insufficient. Appointment of counsel is clearly not warranted in those circumstances. But that is not a necessary determination when ruling on a motion for appointment of counsel.

whether the circumstances warrant a request for counsel to represent Plaintiff at that time.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 30th day of May, 2013.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge
